IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LATHA FRAZIER                                                                                    PLAINTIFF

V.                              CASE NO. 2:14-cv-00051-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                          DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Latha Frazier brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

**I.      PROCEDURAL HISTORY**

Ms. Frazier protectively filed her application for supplemental security income on October 20, 2006, alleging a disability onset date of July 17, 2006.[1] (R. at 38.) She alleged complications from a liver disease, vocal cord impairment, depression, anxiety, thyroid and cervical cancer, and short-term memory loss. (R. at 176.) The Social Security Administration denied Ms. Frazier's claim at the initial and reconsideration levels. (R. at 38.) On September 28, 2009, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 38.) On

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

November 19, 2009, the ALJ issued an unfavorable decision, denying Ms. Frazier's claim. (R. at 47.) The Appeals Council subsequently denied her request for review. (R. at 22.)

On April 15, 2014, after the Appeals Council apparently did not serve Ms. Frazier properly with the notice of its decision for three years, she filed a timely complaint against the Commissioner, appealing the ALJ's denial of DIB. (Pl.'s Compl. 1, ECF No. 2.) On April 30, 2014, the parties consented to a Magistrate Judge having jurisdiction to issue a final judgment in this case. (Consent 1, ECF No. 4.) Both parties have submitted appeals briefs for the Court to consider. (Pl.'s Br., ECF No. 13; Def.'s Br., ECF No. 14.)

## II.     ADMINISTRATIVE PROCEEDINGS

Ms. Frazier was forty-one years old at the time of the administrative hearing and had completed high school. (R. at 75-76.) The ALJ applied the five-step sequential evaluation process to Ms. Frazier's claim.[2] (R. at 39.) The ALJ found that Ms. Frazier satisfied the first step because she had not engaged in substantial gainful activity. (R. at 40.) At step two, the ALJ found that Ms. Frazier suffered from the severe medical impairments of chronic obstructive pulmonary disease ("COPD"), vocal cord paralysis, status post thyroidectomy due to multinodular goiter, headaches, a major depressive disorder, borderline personality disorder, and polysubstance abuse in partial remission. (R. at 40.) At step three, the ALJ found that Ms.

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

Frazier did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appx. 1. (R. at 42.) Before proceeding to step four, the ALJ found that Ms. Frazier had a residual functional capacity ("RFC") to perform medium work with certain non-exertional limitations. (R. at 42.) She found that Ms. Frazier should "avoid concentrated exposure [to] extreme cold, extreme heat, fumes, odors, dust, gases and poor ventilation." (R. at 42.) The ALJ also restricted Ms. Frazier to simple, repetitive work. (R. at 42.) The ALJ determined that Ms. Frazier's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible because they were not consistent with the record as a whole. (R. at 43.) The ALJ found at step four that Ms. Frazier was capable of performing her past relevant work as a certified nurse's aid. (R. at 45.) Alternatively, the ALJ determined at step five that the there were jobs that existed in significant numbers in the national economy that Ms. Frazier could perform, such as a companion, hostess, sales attendant, assembler, and receptionist. (R. at 46.)

### III.  STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision.

*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.    DISCUSSION**

Ms. Frazier argues that the ALJ's decision to deny her DIB is not supported by substantial evidence. (Pl.'s Compl. 20, ECF No. 13.) Specifically, Ms. Frazier argues that substantial evidence does not support the ALJ's determination at step three that Ms. Frazier did not meet listing 3.02(A). (*Id.*). Ms. Frazier also argues that substantial evidence does not support the ALJ's RFC assessment that Ms. Frazier could perform medium work. (*Id.* at 25.) As such, Ms. Frazier argues that substantial evidence does not support the ALJ's determination at step four that Ms. Frazier could return to her past relevant work. (*Id.*). Ms. Frazier argues at step five that substantial evidence does not support the ALJ's alternative finding because the ALJ asked the wrong hypothetical questions to the vocational expert ("VE"). (*Id.* at 28.)

    A.    STEP THREE

Ms. Frazier argues that substantial evidence does not support the ALJ's decision at

step three that Ms. Frazier did not meet listing 3.02(A). (Pl.'s Br. 22, ECF No. 13.) She argues that the results from her medical examination on February 20, 2007, prove that she met this listing. (*Id.* at 24.) The Commissioner argues that substantial evidence supports the ALJ's decision to rely on the results from her March 15, 2007, examination proving that Ms. Frazier did not meet listing 3.02(A). (Def.'s Br. 5, ECF No. 14.)

To meet listing 3.02(A), a claimant must have an $FEV_1$ value "equal to or less than the values specified in table I corresponding to the person's height without shoes." 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 3.02(A) ("Listing 3.02(A)"). The $FEV_1$ value "should represent the largest of three satisfactory forced expiratory maneuvers." *Id.* at § 3.00(E). Two of the satisfactory spirograms "should be reproducible for both pre-bronchodilator tests and, if indicated, post-bronchodilator tests." *Id.* A value is reproducible "if it does not differ from the largest value by more than 5 percent or 0.1L, whichever is greater." *Id.*

During Ms. Frazier's February 20, 2007, examination, the technician measured Ms. Frazier's height at sixty-six inches. (R. at 485.) Therefore, she would need an $FEV_1$ value equal to or less than 1.35L. Listing 3.02(A). Her greatest pre-bronchodilator $FEV_1$ value was 1.28L. (R. at 488.) Therefore, based on this examination, Ms. Frazier would meet the listing because her $FEV_1$ value is equal to or less than the value specified in table I. However, her results were not reproducible. Her next-highest pre-bronchodilator $FEV_1$ value was 0.91L. (R. at 488.) Since that differs from the largest value by more than 5 percent and 0.1L, two of the spirgrams were not reproducible for the pre-bronchodilator tests. Therefore, this examination cannot be a basis for Ms. Frazier to prove that she met

listing 3.02(A). Since Ms. Frazier does not allege any other examination proves that she met a listing, there is substantial evidence supporting the ALJ's decision the Ms. Frazier did not meet a listing under step three.

    B.      Ms. Frazier's RFC

Ms. Frazier argues that she did not have the RFC to perform medium work. (Pl.'s Br. 25, ECF No. 13.) The Commissioner argues that substantial evidence supports the ALJ's RFC assessment in determining that Ms. Frazier could perform medium work. (Def.'s Br. 6, ECF No. 14.)

It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence, but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Ms. Frazier relies on the assessments performed by Shashikumar Gowda, M.D., in challenging the ALJ's RFC assessment. On April 25, 2007, Dr. Gowda wrote a letter stating that he has been treating Ms. Frazier since December 2006 for severe COPD and vocal cord paralysis. (R. at 525.) He indicated that Ms. Frazier has been "unable to do

activities of daily living without much discomfort," and due to her "decreased activities of daily living, she is unable to engage in gainful employment." (R. at 525.) Dr. Gowda also stated that Ms. Frazier's condition has not improved since he started treating her. (R. at 525.)

Ms. Frazier argues that the ALJ improperly discounted Dr. Gowda's assessment from May 6, 2009, that Ms. Frazier "can only occasionally lift up to twenty pounds and only carry up to ten pounds due to severe COPD and respiratory impairment, and she can only stand a total of two hours and walk a total of one hour in an eight-hour day due to her shortness of breath with activity and severe lung disease." (*Id.* at 26.) Ms. Frazier also argues that the ALJ improperly discounted Dr. Gowda's assessment that Ms. Frazier "can never climb, balance, stoop, crouch, kneel, or crawl due to shortness of breath, and she only frequently can reach, handle, feel, and speak, and only occasionally push or pull. (*Id.*).

A treating physician's opinion "is due 'controlling weight' if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)). Treating physicians' opinions "are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (citing *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

The ALJ found that Dr. Gowda's opinions were conclusory, "without reference to

objective medical findings." (R. at 45.) Ms. Frazier argues that Dr. Gowda's assessment did refer to objective medical findings, such as Ms. Frazier's severe COPD and respiratory impairment. (Pl.'s Br. 27, ECF No. 13.) Because Dr. Gowda's assessment was based on medically acceptable data, substantial evidence does not support the ALJ's finding that Dr. Gowda's opinions were conclusory.

Substantial evidence supports the ALJ's determination that Dr. Gowda's opinions were inconsistent with the record as a whole. Dr. Gowda based his opinions on Ms. Frazier's severe COPD, respiratory impairment, shortness of breath with activity, and severe lung disease. (R. at 633-636.) In September 2007, Ms. Frazier reported to Brian Black, D.O., that she was doing "fairly well," and had not used albuterol for a long period of time. (R. at 44.) In January 2008, the spirometry test showed that Ms. Frazier had moderately severe COPD, but she was not taking medication for it. (R. at 44.) In April 2008, she "did not have any wheezes, rhonchi, or rales." (R. at 44.) The ALJ may discount a claimant's subjective complaints of pain if a claimant does not utilize prescribed medication. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007).

Ms. Frazier continues to smoke even though she has been told multiple times that she needs to quit smoking. (R. at 44.) Her failure to take medical advice mitigates her allegations that her shortness of breath and severe lung disease have a disabling effect on her. *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (holding that smoking likely caused the claimant's COPD, and claimant's continued smoking amounts to a "failure to follow a prescribed course of remedial treatment.")

Ms. Frazier's statements during medical examinations are also inconsistent with someone who cannot work. In November 2006, Isaiah Pittman, M.D., reported that she had lots of energy. (R. at 527.) In April 2008, Ms. Frazier told Dr. Black that she had no shortness of breath, and her laboratory test results were normal. (R. at 44, 537.) In August 2008, Ms. Frazier told Dr. Black that her breathing was largely controlled by her medication. (R. at 44.) Substantial evidence supports the ALJ's determination to discredit Ms. Frazier based on her inconsistent statements in the record. *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011).

Since substantial evidence supports a finding that Dr. Gowda's opinions were inconsistent with the record as a whole, the ALJ properly gave them little weight. (R. at 45.) The ALJ instead relied on the assessment by Joseph Gaddy, M.D., and Joelle Larson, Ph.D., both who reviewed the entire record at the time in giving their opinions about Ms. Frazier's RFC. (R. at 42-43.) After a review of the record as a whole, substantial evidence supports the ALJ's finding that Ms. Frazier can do medium work with certain non-exertional limitations.

Since Ms. Frazier did not challenge the hypothetical question to the VE at step four, based on the VE's testimony, substantial evidence supports the ALJ's decision that Ms. Frazier can return to her past relevant work. Therefore, the ALJ's determination that Ms. Frazier is not disabled is affirmed.

C.   STEP FIVE

Ms. Frazier argues that the ALJ's alternative finding at step five that there are

9

significant numbers of jobs in the national economy that Ms. Frazier can perform is not supported by substantial evidence because the ALJ asked the VE the incorrect hypothetical questions. (Pl.'s Br. 29, ECF No. 13.) Although Ms. Frazier is not disabled pursuant to the ALJ's finding at step four, the ALJ's alternative finding at step five is also supported by substantial evidence.

"To decide whether work exists in significant numbers, this Court has adopted the standards set forth in *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)." *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997). "After discussing certain factors that a judge might consider in making this determination, such as the reliability of the claimant's and the vocational expert's testimony, the *Hall* court stated that '[t]he decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'" *Id.* (citing *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988).

Here, substantial evidence supports the hypothetical questions proffered to the VE. Ms. Frazier argues that "nothing was mentioned to the VE about the hypothetical person avoiding concentrated exposure [to] extreme cold, extreme heat, fumes, odors, dust, gases, and poor ventilation, and being restricted to simple, repetitive work." (Pl.'s Br. 29, ECF No. 13.) The ALJ did restrict the hypothetical person as Ms. Frazier describes in his original hypothetical question. (R. at 86.) When adding additional limitations to his subsequent hypothetical questions, he stated that he was "keeping all of the other limitations that I just gave you, . . . ." (R. at 86.) Therefore, the ALJ asked the VE

10

hypothetical questions that properly reflected his RFC assessment. As a result, substantial evidence supports the ALJ's alternative finding at step five that significant jobs exist in the national economy that Ms. Frazier can perform.

## V. CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 30th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE